In re SNIDER'S ESTATE.
SNIDER v. SNIDER.

No. 33915.  Dec. 26, 1950.

*226 P. 2d 429.*

Carder & Carder, Hobart, for plaintiff in error.

R. Place Mongomery, Hobart, and Emmett Sasseen, Cordell, for defendant in error.

ARNOLD, V.C.J. This is an appeal from an order of the district court on trial de novo denying application of Nellie R. Snider for a probate homestead in: Southeast Quarter of Section 10, Township 7 North, Range 17 West I. M. in Kiowa County, Oklahoma.

The evidence as a whole in this case is to the positive effect that Elias F. Snider, the deceased husband of Nellie R. Snider, owned the property in question for many years; he and his first wife and their son, Louis Fort Snider, had lived on the property and made it their home from 1909 until the death of the first wife on March 9, 1927; three days before the death of the first wife Louis Fort Snider, an adult at the time, married and with his wife continued to live in the home of his parents and has lived on said property ever since; about a month after the first wife's death the house burned down; it was immediately rebuilt with proceeds from the insurance on the house and Louis Fort Snider and his wife continued to occupy the house as rebuilt; the deceased made his home with them; deceased rebuilt the home for his son, Louis; Louis, the son, and his father owned jointly the 160 acres adjoining the land here in question, which was called the "West Place"; it had a tenant house on it; the son and father farmed the two places together, as one unit, until 1939, when the son took over all farming operations, the father giving

the son a 10-year lease on the property in question; meanwhile, on July 21, 1928, a little over a year after the death of his first wife, Elias F. Snider married Nellie Russell, plaintiff in error; at the time of her marriage to the deceased Nellie Snider was living with her mother and father in Anadarko, and was employed selling ready-to-wear; after her marriage to the deceased, Nellie Snider continued to live in Anadarko with her parents, and the deceased continued to stay on the farm in question with his son and daughter-in-law, but came to Anadarko to be with his wife on week-ends, vacation times, and in cold weather; he kept his clothing at the farm; this situation continued until September, 1932; at this time Nellie Snider's parents traded their home in Anadarko for one in Hobart, and Nellie Snider put her separate funds into the purchase of this home at Hobart; deed to this home in Hobart was finally made in 1935 to Nellie Russell Snider and her mother, Julia A. Russell, her father having died meanwhile; after Nellie Snider and her parents moved to Hobart, deceased continued to keep his working clothes at the farm and his good clothes at Nellie Snider's home; he would come into Hobart Saturday night and stay until Monday, when he would return to the farm; in 1934 deceased ceased active farming, and thereafter he lived exclusively in the town property with Nellie Snider, although he continued to go out to the farm often to take care of his cattle; deceased at this time registered to vote in Hobart; he had no source of income except from his farming operations; he did not own any interest in the town property but lived there with Nellie, his wife, who did own it; Nellie never at any time resided on the farm with deceased; at the death of her mother (in 1946) Nellie Snider under the terms of her mother's will became vested with a life estate in the half of the town property owned by her mother, the other half being owned by Nellie Snider; she and her mother asked for and obtained homestead exemption on the town property, and af-

ter her mother's death Nellie Snider obtained homestead exemption on the town property; after his retirement deceased made statements at various times to several people that he did not intend to go back to the farm, that he was too old, and was getting his income without it. He died on March 8, 1947, at the age of 82 years.

The application of Nellie Snider for a probate homestead in the farm was resisted on the theory that the farm as a homestead had been abandoned.

In consideration of all the testimony, the trial court found that the land in question was not the homestead of the deceased at the time of his death because it had been abandoned as such.

Plaintiff in error makes numerous assignments of error, which she argues under four propositions: (1) that the premises constituted the homestead of the decedent at the time of his second marriage; (2) that the right of the surviving spouse to occupy and possess the probate homestead is not dependent on prior actual residence thereon by such spouse; (3) that the evidence shows no intention on the part of decedent to abandon his homestead and the finding of the court to the contrary is against the clear weight of the evidence; and (4) that no act of the husband could deprive the wife of her homestead right in the land, once established and acquired, without her consent.

That it was his homestead after the death of his first wife because that character had attached before her death is certain, and it remained his homestead until abandonment. Greenshaw v. Brown, 96 Okla. 11, 219 P. 934.

Conceding for the sake of argument that his occupancy of the old home after his marriage to plaintiff in error, though she never lived in it, constituted the occupancy of his second family, and conceding for the sake of argument that he could not abandon the land as a homestead without her

consent, which she claims she never gave, the evidence is entirely sufficient to sustain the court's finding, which inheres in the judgment, that he abandoned the homestead with her consent.

Judgment affirmed.

DAVISON, C.J., and WELCH, CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.